1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GERMAN Y. QUEZADA,                          No.  2:17-cv-00243 AC P

12                  Petitioner,

13        v.                                     ORDER

14   W.L. MUNIZ,

15                  Respondent.

16

17          Petitioner is a state prisoner proceeding pro se who appears to be attempting to pursue a

18   petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  However, rather than filing a

19   habeas petition, petitioner has filed a request that he be given a sixty-day extension of time to file

20   his initial petition for a writ of habeas corpus.  ECF No. 1 at 1.  Petitioner requests the additional

21   time in an attempt to extend the one-year statute of limitations to submit a habeas corpus petition

22   set forth in the Antiterrorism and Effective Death Penalty Act ("ADEPA").  28 U.S.C. §

23   2244(d)(1).  In the alternative, petitioner requests that this court stay proceedings so that he may

24   be able to exhaust state court remedies.  ECF No. 1 at 1.

25        I.        Motion for Extension of Time

26          This court does not have the authority to extend the statute of limitations established in

27   AEDPA and cannot grant an extension of time for petitioner to file his initial habeas corpus

28   petition.  See (d)(1); Joseph v. People of the State of Cal., No. CV 16-07921-JAK (AS), 2016 WL

1

1    6680409, at *1, 2016 U.S. Dist. LEXIS 157340, at *2-3 (C.D. Cal. Nov. 14, 2016) ("Petitioner's

2    motion for an extension of time in an attempt to bypass the statute of limitations hurdle must be

3    denied because the Court has no basis for determining whether an extension of time and/or

4    statutory or equitable tolling would be appropriate." (internal citation omitted)).  Accordingly,

5    petitioner's motion for a sixty-day extension of time will be denied.

6        Petitioner shall have an opportunity to submit a habeas corpus petition within thirty days

7    of the filing date of this order.  Failure to comply with this order will result in a recommendation

8    that this action be dismissed.

9        The court makes no representation that a petition filed by this deadline will be timely

10   under the AEDPA.  The court is merely providing an opportunity for petitioner to file the

11   document.

12       II.    Motion to Stay

13       District courts have the authority to issue stays where such a stay would be a proper

14   exercise of discretion.  Rhines v. Weber, 544 U.S. 269, 277 (2005).  Under Rhines, the district

15   court stays a mixed petition[1] while the petitioner exhausts unexhausted claims in state court.  544

16   U.S. at 277.  Rhines instructs district courts to stay, rather than dismiss, a mixed petition, only "in

17   limited circumstances," namely when three conditions are met: "[(1)] the petitioner had good

18   cause for his failure to exhaust, [(2)] his unexhausted claims are potentially meritorious, and [(3)]

19   there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  544

20   U.S. at 277-78.  The court may also stay a completely unexhausted petition if the conditions set

21   forth in Rhines are met.[2]  Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016).

22       As an initial matter, petitioner's motion to stay proceedings cannot be granted because

23   petitioner has not submitted a habeas corpus petition.  Right now there is nothing to stay.

24   Additionally, petitioner's motion does not include any information about his claims, his diligence

25   in pursuing his claims, or whether there is good cause for the failure to exhaust.  ECF No. 1.  This

---

[1]  A "mixed" petition is "a single petition that includes both exhausted and unexhausted claims."
Mena v. Long, 813 F.3d 907, 908 (9th Cir. 2016).

[2]  It is not clear from the motion whether petitioner's potential claims are fully or partially
exhausted.

2

1   court cannot determine whether a stay is appropriate until petitioner submits his petition for

2   habeas corpus and a motion that addresses all three <u>Rhines</u> factors.  Therefore, the instant motion

3   to stay proceedings will be denied.

4           Petitioner is reminded that he does not require permission from this court to pursue state

5   court remedies.  If he is seeking to file something in the state court, he should proceed in state

6   court without delay.

7       III.      <u>In Forma Pauperis</u>

8           Petitioner has not filed an in forma pauperis application or paid the required filing fee of

9   $5.00.  <u>See</u> 28 U.S.C. §§ 1914(a), 1915(a).  No action can be taken with regards to petitioner's

10  habeas corpus petition until such time as he submits the in forma pauperis application or pays the

11  filing fee.  <u>See</u> L.R. 121(c).  Petitioner will be provided the opportunity to either submit the

12  appropriate application in support of a request to proceed in forma pauperis or submit the

13  appropriate filing fee.  Failure to comply with this order will result in a recommendation that this

14  action be dismissed.

15          Accordingly, IT IS HEREBY ORDERED that:

16      1.   Petitioner's motion for a sixty-day extension of time to file a petition for habeas

17  corpus (ECF No.1) is DENIED.

18      2.   Petitioner's motion to stay proceedings (ECF No. 1) is DENIED without prejudice.

19      3.   Petitioner shall have thirty days from service of this order to file a petition for habeas

20  corpus.  Petitioner's failure to comply with this order will result in a recommendation that this

21  action be dismissed.

22      4.   If petitioner is seeking a stay, he may file a motion for stay once he has filed a petition

23  for habeas corpus.

24      5.   Petitioner shall submit, within thirty days from service of this order, an application in

25  support of his request to proceed in forma pauperis on the form provided by the Clerk of Court, or

26  the appropriate filing fee.  Petitioner's failure to comply with this order will result in a

27  recommendation that this action be dismissed.

28  ////

1    6.   The Clerk of the Court is directed to send petitioner a copy of the in forma pauperis

2 form used by this district and the court's form for application for writ of habeas corpus.

3 DATED: February 10, 2017

4                                    _____

5                                    ALLISON CLAIRE
                                     UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28