UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERMAN YOVANI QUEZADA,<br><br>    Petitioner,<br><br>    v.<br><br>W.L. MUNOZ, Warden,<br><br>    Respondent. | No.  2:17-cv-00243-DAD-AC (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITION FOR HABEAS RELIEF ON THE MERITS<br><br>(Doc. No. 43) |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenges his 2012 state court conviction for attempted murder and related offenses. (Doc. No. 42.)  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 31, 2023, the assigned magistrate judge issued findings and recommendations recommending that the pending petition for federal habeas relief be denied on the merits. (Doc. No. 43.)  The findings and recommendations were served on petitioner with notice that any objections thereto were to be filed within fourteen (14) days of the date of their service.  After receiving extensions of time to file objections (Doc. Nos. 46, 48), petitioner's objections to the pending findings and recommendations were timely filed on July 10, 2023. (Doc. No. 49.)  Respondent has not filed any reply to petitioner's objections.

/////

1

Petitioner's objections fail to provide any basis upon which to question the analysis set forth in the findings and recommendations which thoroughly and appropriately addressed each of petitioner's claims on the merits. Indeed, petitioner's lengthy objections only occasionally even mention the findings and recommendation and certainly do not address the magistrate judge's analysis of petitioner's claims. (*See* Doc. No. 49 at 1–37.) Rather, petitioner's objections appear to be a repeat, often verbatim, of arguments he previously presented in support of his petition for federal habeas relief. (*See* Doc. Nos. 27, 42.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's objections, the undersigned concludes that the magistrate judge's findings and recommendations are supported by the record and proper analysis. Therefore, the findings and recommendations will be adopted and petitioner's request for federal habeas relief will be denied on the merits of his presented claims.

In addition, the court declines to issue a certificate of appealability. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability if "jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338. In the present case, the court concludes that reasonable jurists would not find the court's determination that the petition should be denied debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the court will decline to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued on March 31, 2023 (Doc. No. 43) are adopted in full;
2. The petition for writ of habeas corpus (Doc. Nos. 4, 42) is denied;
3. The court declines to issue a certificate of appealability (28 U.S.C. § 2253(c)); and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **August 25, 2023**

UNITED STATES DISTRICT JUDGE

3